# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

CRAIG SCOTT #30218-037 : Civil Action No. CCB-12-259
Criminal Action No. CCB-95-202
v. :

UNITED STATES OF AMERICA :

oo0oo

**MEMORANDUM**

Pending is a Motion to Vacate Set-Aside or Correct Sentence under 28 U.S.C. § 2255. The Motion is DISMISSED without prejudice for lack of jurisdiction.

## I. Petitioner's Claims

Scott alleges ineffective assistance of counsel based on counsel's failure to understand the nature of conspiracy.

## II. Procedural Background

Scott was convicted of bank robbery by force or violence. In an amended judgment, he was sentenced to a total term of 9 months as to counts 1, 2, and 4 with these sentences to run concurrently with each other and to run concurrently with the unexpired term of the previously imposed sentence of imprisonment of 87 months as to count 6 in Criminal Number K-94-0281 and to run consecutively to the 5 year sentence imposed as to count 7 in Criminal Number K-94-0281; imprisonment for a term of 20 years on Count 3 and 20 years on count 5, said terms to run consecutively to each other and consecutively to the sentence of 9 months imposed as to counts 1, 2, and 4; supervised release for a term of 3 years; and an assessment $250.00. ECF No. 173. His appeal was dismissed. ECF No. 183.

This court denied Scott's first 28 U.S.C. § 2255 motion, docketed as Civil Action No. CCB-03-1957. See ECF No. 214. The Fourth Circuit denied Scott's certificate of appealability and dismissed the appeal. ECF No. 236.

### III. Analysis

This petition represents Scott's second § 2255 challenge to his conviction and sentence. It may not be considered absent prefiling authorization from the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization does not appear to have been granted. Accordingly, the motion will be dismissed without prejudice for lack of jurisdiction.

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quotation marks omitted). Scott does not satisfy this standard. Denial of a certificate of appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside or correct sentence will be dismissed without prejudice for lack of jurisdiction and a certificate of appealability will not issue. A separate order follows.


January 31, 2012                                            _____/s/_____
Date                                                        Catherine C. Blake
                                                            United States District Judge